UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES M. STEVENS, #155008, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-918 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CRAIG HUTCHINSON, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the Bellamy Creek Correctional Facility (IBC). The defendants are Craig Hutchinson, M.D., Gail Burke, M.D., Corizon Health, Inc., and Michigan Department of Corrections (MDOC) Director Daniel Heyns. Plaintiff has Hepatitis-C (HCV) and cirrhosis of the liver. He alleges that defendants violated his Eighth Amendment rights by failure to provide appropriate treatment. Plaintiff seeks damages and injunctive relief. The matter is before the court on plaintiff's motion seeking a preliminary injunction ordering defendants to provide him with triple antiviral therapy. (docket #11).

A preliminary injunction is an extraordinary remedy. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also* FED. R. CIV. P. 65. Because it is an extraordinary remedy, relief is only granted where movant carries his burden of proving that the circumstances clearly demand it. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The four factors this court is to consider on motions for a preliminary injunction are well-

established. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests.

Plaintiff asks the court to enter an order compelling defendants to provide him with triple antiviral therapy. (Plf. Brief at 6, 7, 12, docket # 12; Plf. Decl. ¶ 20, docket # 12-1). The evidence shows that plaintiff has received extensive and medically appropriate care for his HCV and cirrhosis. (Hutchinson Decl. ¶¶ 2-10, docket # 13-1). Plaintiff received dual antiviral therapy in 2010 and 2011. In September 2011, tests confirmed that this treatment failed. Plaintiff continues to receive periodic tests to monitor his liver and bone marrow function. Triple therapy, which received recent FDA approval,[1] has a substantial probability of failure in plaintiff's case and a significant likelihood of dangerous side effects. "Due to the low likelihood of success, and given Mr. Stevens' well preserved liver and bone marrow function, there is not an immediate need to begin Mr. Stevens on this lengthy therapy with numerous negative side effects. This is particularly true in light of the new anticipated treatment protocols expected to be approved by the FDA in December 2013 and available in 2014. Accordingly, it is [Dr. Hutchinson's] medical opinion and recommendation that the current triple therapy antiviral treatment is medically inappropriate for Mr. Stevens and it is best for him to await access to these improved options." (*Id.* at ¶ 8).

The prescription of the appropriate medical care, and a careful weighing of the likely benefits and burdens of a particular therapy, are quintessential medical judgments. Doctors, and not courts, are in the best position to reach such judgments. When a prisoner alleges an Eighth

---

[1] *See Tullos v. Hutchinson*, No. 1:12-cv-144, 2013 WL 1625412, at * 6-7 (W.D. Mich. Mar. 15, 2013).

Amendment claim based on his disagreement with the treatment decisions of professionals, the federal courts are reluctant to second-guess medical judgments. *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). This is especially true when the issue arises on a motion for preliminary injunction.

Plaintiff has not demonstrated any deficiency in his medical care. He has not shown a strong likelihood of success on the merits of his claims. He has not shown that an injunction is necessary to prevent irreparable harm. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its prisons. *See Tullos v. Hutchinson*, No. 1:12-cv-144, 2012 WL 4838946 (W.D. Mich. Oct. 11, 2012). I recommend that plaintiff's motion be denied.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction (docket # 11) be denied.

Dated: November 14, 2013 　　　　/s/ Joseph G. Scoville
　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).