UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. STEVENS, #155008,

        Plaintiff,

v.

CRAIG HUTCHINSON, et al.,

        Defendants.
_____/

File No. 1:13-CV-918

HON. ROBERT HOLMES BELL

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On November 14, 2013, United States Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Plaintiff James M. Stevens's motion for a preliminary injunction ordering Defendants to provide him with triple antiviral therapy (Dkt. No. 11) be denied.  (Dkt. No. 14, R&R.)  Plaintiff filed objections to the R&R on December 4, 2013.  (Dkt. No. 21.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff objects to the R&R based on his assertion that the Magistrate Judge disregarded Plaintiff's evidence, erroneously concluded that the Corizon Defendants were entitled to automatic deference, and adopted Defendants' position in its entirety. Plaintiff asserts that the Magistrate Judge disregarded Plaintiff's evidence that Defendants have instituted a custom, practice, and/or policy of limiting access to triple antiviral therapy, not for valid medical reasons, but due to cost saving/profit-generating motives, and that Plaintiff faces an imminent threat of serious injury or death if he does not receive this form of treatment for his hepatitis C. (Dkt. No. 12, Pl. Decl. ¶ 1.)

Contrary to Plaintiff's assertions, the Magistrate Judge did not ignore Plaintiff's evidence. As indicated in the R&R, the Magistrate Judge considered Plaintiff's declaration, but deferred to Plaintiff's treating physician's medical opinion that the current triple antiviral therapy is medically inappropriate for Plaintiff, and that it was in Plaintiff's best interests to wait for access to anticipated improved options. (R&R 2.)

The Court agrees with the Magistrate Judge's recommendation that preliminary injunctive relief be denied. Plaintiff has not has not met his burden of justifying such extraordinary relief. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). Federal courts are reluctant to second guess medical judgments on the adequacy of a prisoner's medical treatment. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). This is especially true where the issue arises on an incomplete record in a motion for preliminary injunction and is

supported by nothing more than the prisoner's subjective beliefs.  Plaintiff has not presented any evidence that would suggest that the medical treatment he is receiving is "so woefully inadequate as to amount to no treatment at all." *Id.* (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 21) are **OVERRULED**.

**IT IS FURTHER ORDERED**  the November 14, 2013, R&R (Dkt. No. 14) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 11) is **DENIED**.

Dated: April 15, 2014  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE