UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. STEVENS,

    Plaintiff,

v.

CRAIG HUTCHINSON, et al.,

    Defendant.

_____/

Case No. 1:13-cv-918

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 concerning medical treatment of Plaintiff's Hepatitis-C virus (HCV). The Michigan Department of Corrections (MDOC) Defendants filed a hybrid motion to dismiss and/or for summary judgment (ECF No. 117); and the Corizon Health, Inc. ("Corizon") Defendants filed a motion for summary judgment (ECF No. 132) and corrected motion for summary judgment (ECF No. 133). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 140) recommending that the MDOC Defendants' motion be granted in part and denied in part, that the Corizon Defendants' corrected motion for summary judgment be granted, and that the Corizon Defendants' preceding motion for summary judgment (ECF No. 132) be dismissed.

The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. This Court adopts the Magistrate Judge's Report and

Recommendation as the Opinion of this Court, with two exceptions: (1) the Court corrects the typographical error referencing "Rule 54(d)" instead of "Rule 56(d)" (ECF No. 140 at PageID.1949), and (2) the Corizon Defendants' initial motion for summary judgment (ECF No. 132) will not be dismissed as recommended by the Magistrate Judge, but will be considered corrected by the amended motion for summary judgment (ECF No. 133).

Plaintiff presents eight objections to the Magistrate Judge's Report and Recommendation. This Court will address each in turn.

*First*, Plaintiff argues that the Magistrate Judge erred in stating that Plaintiff filed a 54(d) request rather than a Rule 56(d) request for discovery (Pl. Obj., ECF No. 146 at PageID.2008; R&R, ECF No. 140 at PageID.1949). Plaintiff has accurately identified this typographical error on the Report and Recommendation, which references Plaintiff's requests for discovery through Rule 54(d), not Rule 56(d). Therefore, the Report and Recommendation references to Rule 54(d) are considered corrected to reference Rule 56(d).

Plaintiff also objects to the Magistrate Judge's recommendation to deny Plaintiff's Rule 56(d) motion, as "clearly erroneous and contrary to law" (ECF No. 146 at PageID.2008, 2015). Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Plaintiff asserts that he did not receive the discovery he requested to support his opposition to the instant motions (*see* ECF Nos. 32, 33, 34) due to a stay the Magistrate Judge granted the MDOC Defendants pending their motion to dismiss (ECF No. 35) and because the Corizon Defendants allegedly "totally evaded practically all requests" (ECF No. 146 at PageID.2013). However, the Magistrate Judge properly denied

2

additional discovery both because none of the discovery Plaintiff claimed to need was directed to the issue of exhaustion or the pleadings and relief at issue in MDOC Defendants' motion, and because the Magistrate Judge was unpersuaded that Plaintiff required additional discovery from the Corizon Defendants beyond the voluminous medical records he already received (ECF No. 140 at PageID.1949-50). Plaintiff fails to demonstrate that there are essential facts he is unable to present to support his opposition to either dispositive motion, thereby falling short of the standard set out in Rule 56(d). Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

*Second*, Plaintiff argues that the Magistrate Judge erred by relying extensively on exhibits that should have been disregarded or stricken from consideration (ECF No. 146 at PageID.2016-18). On July 11, 2017, the Corizon Defendants filed their first motion for summary judgment along with Exhibits A through E (ECF Nos. 132, 132-1 through 132-5). These exhibits included certifications by two Corizon Defendants, 178 pages of Plaintiff's medical records, and two supporting cases. On that same day, the Corizon Defendants filed a corrected motion for summary judgment without the exhibits (ECF No. 133). The only difference between the Corizon Defendants' first and corrected motion for summary judgment was the amended attempt for concurrence (ECF No. 140 at PageID.1948). Plaintiff contends that because the exhibits were not resubmitted with the corrected motion, they should not have been considered or relied upon by the Magistrate Judge. Drawing attention to the Magistrate Judge's admonition that "the Court will not permit any party to incorporate earlier-submitted evidence, pleadings, motions, or briefs by reference" (ECF No. 111 at PageID.984), Plaintiff argues that the Magistrate Judge erred by extensively and almost exclusively using material not re-submitted by Corizon Defendants (Pl.

3

Obj., ECF No. 146 at PageID.2016-17). However, Plaintiff quoted only part of the directive the Magistrate Judge issued on March 28, 2017. The full directive states:

> Given the *fragmented nature* of this case and the *significant difficulty* the Court has experienced in getting it into a posture ready for decision, the Court will not permit any party to incorporate earlier-submitted evidence, pleadings, motions, or briefs by reference. *Orderly presentation* by the parties is essential and it should allow the Court to move forward with significant dispatch towards resolution of this long-pending lawsuit (ECF No. 111 at PageID.984 (emphasis added)).

A corrected version of the Corizon Defendants' motion for summary judgment referencing the earlier-filed exhibits posed no threat of fragmentation or confusion. Plaintiff cites no persuasive argument or authority to preclude the consideration of Exhibits A-E (ECF Nos. 132-1 through 132-5). This objection is denied.

*Third*, Plaintiff asserts that the Magistrate Judge erred in his Statement of Facts in five respects (Pl. Obj., ECF No. 146 at PageID.2018-21). While none of these issues alters the ruling in this case, the Court will address each.

**1**

Plaintiff asserts that the Magistrate Judge erred in stating that his HCV treatment followed the "latest national treatment guidelines;" however, the case law Plaintiff provides to support his contention actually affirms that the course of treatment he received met those national standards (ECF No. 146 at PageID.2018-19; R&R, ECF No. 140 at PageID.1952). Plaintiff cites case law in which the court noted, "[o]n July 6, 2016, these organizations[1] updated the standard care to recommend treating *all* persons with chronic HCV with DAA drugs." *Postawko v. Mo. Dep't of Corr.*, 2:16-cv-04219, 2017 WL 1968317 at *2 (W.D. Mo. May 11, 2017). Plaintiff asserts that this is a far cry from the treatment Corizon claims Plaintiff received. However, on March 7, 2016,

---

[1] Infectious Disease Society of America (IDSA), and American Association for the Study of Liver Disease (AASLD).

almost four months before this standard of care was updated, Plaintiff began the successful Harvoni (DAA drug) and ribavirin treatment protocol (ECF No. 132-1 at PageID. 1282). Plaintiff has not shown that the Magistrate Judge's statement that "the MDOC follows the latest national treatment guidelines" was in error (*see* ECF No. 140 at PageID.1952).

### 2

Plaintiff also asserts that the Magistrate Judge erred by misleading this Court to conclude only two HCV treatment protocols existed, not three (ECF No. 146 at PageID.2019). This Court has reviewed this case de novo, including Dr. Hutchinson's testimony and Plaintiff's explanation of the treatment options, and does not find the Magistrate Judge's summary misleading in this regard (ECF No. 132-1; Pl. Obj., ECF No. 146 at PageID.2019; ECF No. 140 at PageID.1953-55).

### 3

Plaintiff claims that the Magistrate Judge erred in stating that the Corizon Defendants' practice of "monitoring and prioritizing" Plaintiff was appropriate and within the prevailing standard of care (ECF No. 146 at PageID.2020). Based on Dr. Hutchison's expert opinion, Plaintiff was spared a lengthy treatment process with a much lower likelihood of success, and was in no danger while he waited for the treatment that ultimately cured him (ECF No. 132-1 at PageID.1278-84). Plaintiff has demonstrated no error regarding the Magistrate Judge's statement of these facts.

### 4

Plaintiff also objects to the Magistrate Judge's "insinuation" that Plaintiff was abusing alcohol (ECF No. 146 at PageID.2020); however, Plaintiff concedes that he received two misconducts for possession of alcohol in his cell (*id.*). Whether held or consumed, possession of

alcohol was a violation of policy and delayed Plaintiff's treatment for HCV (ECF No. 132-1 at PageID.1281-82). Plaintiff has demonstrated no material error regarding these facts.

5

Plaintiff objects to the Magistrate Judge's reliance on Dr. Hutchinson's determination that "there is no indication from Plaintiff's lab tests or other medical record that he was adversely affected by the course of treatment provided" (Pl. Obj., ECF No. 146 at PageID.2021). Plaintiff lists a number of physical difficulties he endured before and during treatment. However, the next sentence after that quoted by Plaintiff qualifies the first statement by reference to Plaintiff's liver function: "Plaintiff's HCV has been cured and there is no medical evidence that his liver function was compromised" (R&R, ECF No. 140 at PageID.1960). The Court finds no material error in the Magistrate Judge's statement.

The Court finds Plaintiff's challenges to the Magistrate Judge's Statement of Facts without merit.

*Fourth*, Plaintiff argues that the Magistrate Judge erred by recommending that summary judgment be granted for Corizon Defendants' Hutchinson and Burke with respect to Plaintiff's Eighth Amendment claim (Pl. Obj., ECF No. 146 at PageID.2021-26; R&R, ECF No. 140 at PageID.1950). The Magistrate Judge set forth the standard for an Eighth Amendment claim and concluded that "plaintiff failed to present verifying medical evidence showing that his condition required treatment at any time before he received it. Moreover, the record is devoid of evidence of any deficiency in plaintiff's medical care. Plaintiff's disagreement with the medical care provided falls far short of supporting an Eighth Amendment claim" (ECF No. 140 at PageID.1960-62). Plaintiff's objection reiterates his argument before the Magistrate Judge (ECF No. 146 at

PageID.2021-26), but fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion that Plaintiff had not met the requisites for an Eighth Amendment claim.

*Fifth*, Plaintiff argues that the Magistrate Judge erred in concluding that Plaintiff's second amended complaint (ECF No. 115) failed to allege a viable equal protection claim against any Defendant, and Plaintiff reiterates his earlier-addressed second objection (Pl. Obj., ECF No. 146 at PageID.2026-27; R&R, ECF No. 140 at PageID.1963). Plaintiff alleged in his second amended complaint that Defendants violated the Equal Protection Clause by restricting the availability of triple therapy to a limited number of prisoners at a single correctional facility. As the Magistrate Judge outlined, the Fourteenth Amendment's Equal Protection Clause protects against discrimination among similarly-situated individuals. The Magistrate Judge correctly determined that Plaintiff had not demonstrated a viable Fourteenth Amendment Equal Protection claim because the appropriate course of medication treatment is a highly individualized determination (ECF No. 140 at PageID.1963). Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

*Sixth*, Plaintiff argues that the Magistrate Judge erred in recommending that the Corizon Defendants' motion for summary judgment be granted, and concluding that Plaintiff seeks to hold Corizon vicariously liable for the acts of its employees (Obj., ECF No. 146 at PageID.2027). Plaintiff's objection is based on his assertion that the Corizon Defendants and the MDOC Defendants colluded or conspired to create a custom or practice to deny prisoners adequate care (ECF No. 146 at PageID.2027-28). Plaintiff contends that the Magistrate Judge incorrectly focused on a policy Plaintiff attributes to the MDOC Defendants of "bottlenecking" the triple antiviral therapy to a single correctional facility and an unreasonably small number of prisoners

(ECF No. 140 at PageID.1964). He states that the challenged custom or practice of the Corizon Defendants' is:

> to maintain HCV-positive prisoners in need of DAA treatment in chronic care clinics where they are "monitored," "evaluated," and "prioritized" for years, during which time they (Plaintiff) suffer adverse symptoms, further progressive liver damage, and are subjected to an unreasonable risk of future harm such as liver cancer, liver failure, and/or death.

(ECF No. 146 at PageID.2028). Plaintiff references unpublished, non-binding case law "in which this exact same custom or practice has been declared unconstitutional" (*id.*).

Plaintiff's above assertions do not undermine the Magistrate Judge's conclusion that Plaintiff failed to "present[] medical evidence that he suffered injury caused by a Corizon policy or custom" and therefore Corizon is entitled to judgment as a matter of law (ECF No. 140 at PageID.1964). This objection is denied.

*Seventh*, Plaintiff objects to the Magistrate Judge's recommendation to dismiss Plaintiff's Equal Protection claim against the MDOC Defendants for the same reasons stated in his fifth objection concerning the Corizon Defendants (Pl. Obj., ECF No. 146 at PageID.2028; R&R, ECF No. 140 at PageID.1963). For the reasons stated above in discussing Plaintiff's fifth objection, Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

*Finally*, Plaintiff argues that the Magistrate Judge erred in recommending that this Court grant qualified immunity to MDOC Defendants Heyns and Washington in their individual capacities and dismiss the claims against them (Pl. Obj., ECF No. 146 at PageID.2028-29; R&R, ECF No. 140 at PageID.1975-76). As the Magistrate noted, overcoming the defense of qualified immunity on an equal protection claim requires identifying a violation of a statutory or constitutional right, and Plaintiff did not meet that burden under the circumstances of this case

8

(ECF No. 140 at PageID.1969, 1975) (Plaintiff "fails to cite any case where state officials have been held liable for violating Eighth Amendment rights under similar circumstances," i.e., the rapidly-evolving area of treatment of hepatitis C). Plaintiff fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, with two exceptions: (1) the typographical error referencing "Rule 54(d)" instead of "Rule 56(d)" as has been noted (ECF No. 140 at PageID.1949) and (2) the Corizon Defendants' motion for summary judgment (ECF No. 132) will not be dismissed as recommended by the Magistrate Judge, but will be considered corrected by the amended motion for summary judgment (ECF No. 133).

Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 146) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 140) is APPROVED and ADOPTED as the Opinion of the Court, with two exceptions: (1) the correction of a typographical error to change references to "Rule 54(d)" to "Rule 56(d)" (*id.* at PageID.1949), and (2) the Corizon Defendants' motion for summary judgment (ECF No. 132) will be considered corrected by the amended motion for summary judgment (ECF No. 133) rather than dismissed.

**IT IS FURTHER ORDERED** that the MDOC Defendants' Motion to Dismiss and/or for Summary Judgment (ECF No. 117) is GRANTED in part and DENIED in part. Plaintiff's claims

for declaratory and injunctive relief are dismissed as moot. Plaintiff's purported claims under the Fourteenth Amendment's Equal Protection Clause are dismissed under Rule 12(b)(6). All Plaintiff's claims for damages against the MDOC Defendants in their official capacities are dismissed with prejudice as barred by Eleventh Amendment immunity. Plaintiff's Eighth Amendment claims for damages against Defendants Heyns and Washington in their individual capacities are dismissed with prejudice because those Defendants have claimed, and are entitled to qualified immunity. The remainder of the MDOC Defendants' motion is denied. Plaintiff's' only remaining claim is his Eighth Amendment claim for damages against Defendant Stieve in his individual capacity.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against the John Doe defendant are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Corizon Defendants' Motion for Summary Judgment (ECF No. 132), as corrected by their Motion for Summary Judgment (ECF No. 133), is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: March 30, 2018   /s/ Janet T. Neff
　　　　　　　　　　　　JANET T. NEFF
　　　　　　　　　　　　United States District Judge