UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. STEVENS,

    Plaintiff,

v.

CRAIG HUTCHINSON, et al.,

    Defendants.
_____/

Case No. 1:13-cv-918

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant Stieve, the remaining Defendant in this case, filed a motion for summary judgment on Plaintiff's Eighth Amendment claim for damages, the remaining claim in this case (ECF No. 200). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending this Court grant Defendant's motion for summary judgment and close this case (ECF No. 213). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 221). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

*Plaintiff's Objections to Summary Judgment Analysis*. The Magistrate Judge determined that Defendant is entitled to summary judgment because "the record shows that Dr. Stieve displayed no deliberate indifference" (R&R, ECF No. 213 at PageID.2534). Plaintiff objects to

the Magistrate Judge's analysis, arguing that the "only difference" between Defendant's motion for summary judgment and Defendant's prior dispositive motion, which was denied, is the addition of "two paragraphs" (Pl. Objs., ECF No. 221 at PageID.2565 [emphasis omitted]). Plaintiff argues that "Defendant's continued failure to cite the record for supporting evidence should have compelled the Court to deny [Defendant's] motion for summary judgment" (*id.* at PageID.2566 [emphasis omitted]). Plaintiff also argues that the Magistrate Judge did not fairly view the evidence or draw all reasonable inferences in the light most favorable to Plaintiff (*id.* at PageID.2572-2577, 2582-2583 ).

Plaintiffs' objections are without merit.

The Magistrate Judge determined that Defendant's prior dispositive motion conflated the motion standards under Federal Rules of Civil Procedure 12(b) and 56, and the Magistrate Judge therefore denied the motion without prejudice to refiling a motion that conformed to the applicable rule (12/9/18 Memo. Op. & Order, ECF No. 195 at PageID.2363). The fact that Defendant's prior motion was not in a procedural posture for decision does not demonstrate any factual or legal error in the Magistrate Judge's analysis of Defendant's subsequent motion under Rule 56.

Nor, for that matter, do Plaintiff's objections reveal any error in the Magistrate Judge's ultimate conclusion that Defendant is entitled to judgment as a matter of law. As the Magistrate Judge pointed out, "[a]n official 'cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety'" (R&R, ECF No. 213 at PageID.2532, quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The Magistrate Judge found that the record did not contain evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs. Plaintiff's objections do not identify any

2

evidence in the record raising a triable issue of fact in this regard. Plaintiff's objections are properly denied.

***Plaintiff's Objections to Qualified Immunity Analysis.*** The Magistrate Judge also determined that Defendant was entitled to qualified immunity because "Plaintiff fails to satisfy the first prong of the qualified immunity analysis," a constitutional violation, and, as to the second prong, "Plaintiff did not carry his burden of demonstrating that existing precedent placed the constitutional question beyond debate at the time defendant acted" (R&R, ECF No. 213 at PageID.2534, 2540). In his objections, Plaintiff argues that the Magistrate Judge improperly declined to consider Sixth Circuit precedent and "frame[d] the right at issue too narrowly" (Pl. Objs., ECF No. 221 at PageID.2584-2585).

Plaintiff's argument lacks merit. As the Magistrate Judge indicated, Plaintiff bears the burden to show that Defendant's decisions "'point unmistakably to the unconstitutionality of the conduct and [are] so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct was unconstitutional'" (EFC No. 213 at PageID.2535 (citation omitted)). Plaintiff's objection demonstrates his disagreement with, but not error in, the Magistrate Judge's analysis. Even assuming arguendo that Plaintiff bore his burden on the second prong, Plaintiff has not satisfied the first prong, for the reasons previously stated.

***Plaintiff's Objection to Verification.*** The Magistrate Judge determined that "Plaintiff's second amended complaint is not properly verified, as [Plaintiff] has interjected the limitations that the allegations are made 'to the best of [his] information, knowledge and belief'" (R&R, ECF No. 213 at PageID.2524, citing *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015); 2d Amend. Compl., ECF No. 115 at PageID.1028). Plaintiff argues that the determination is "not so clearly cut" (Pl. Objs., ECF No. 221 at PageID.2569). However, other than to assert that the

3

Magistrate Judge possessed "discretion" to find that Plaintiff's Second Amended Complaint was verified, either in total or in part (*id.*), Plaintiff has not shown how the Magistrate Judge erred in his determination to not treat the complaint as verified. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). *Cf. Mosquera v. MTI Retreading Co.*, 745 F. App'x 568, 573 (6th Cir. 2018) (quoting *Stein v. Ashcroft*, 284 F.3d 721, 726 (7th Cir. 2002) ("Bald and self-serving assertions ... unsubstantiated by any documentation or other testimony, are not sufficient to create a material issue of fact....")). Plaintiff's objection is properly denied.

***Plaintiff's Motion for Further Discovery.*** The Magistrate Judge recommends denial of Plaintiff's motion for further discovery, finding that "[P]laintiff had an adequate opportunity to conduct discovery and that no other factor or combination of factors warrants delaying consideration of [D]efendant's motion for summary judgment" (R&R, ECF No. 213 at PageID.2519). The Magistrate Judge points out that "[o]n March 30, 2018, the Court found that [P]laintiff had an adequate opportunity to conduct discovery, and it denied his earlier Rule 56(d) motion" (*id.* at PageID.2529). Plaintiff objects to the Magistrate Judge's recommendation. Plaintiff recounts the long procedural history of this case and opines that he has been diligent in attempting to obtain discovery (ECF No. 221 at PageID.2578-2581). Even assuming that Plaintiff has been diligent, Plaintiff's objection does not identify any factual or legal error in the Magistrate Judge's recommendation to deny Plaintiff's second Rule 56(d) motion. Therefore, Plaintiff's objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. As all pending claims have been resolved, a Judgment will be entered

consistent with this Opinion and Order.  See FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  See *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).  Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 221) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 213) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 200) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery (ECF No. 209) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: September 30, 2019                                      /s/ Janet T. Neff
                                                              JANET T. NEFF
                                                              United States District Judge